IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TATIANA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:26-cv-00539 |
| | ) | |
| TURO, | ) | JUDGE RICHARDSON |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Tatiana Williams, a Nashville resident proceeding pro se, filed a Complaint for damages and other relief against Defendant Turo.[1] (Doc. No. 1.) Plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) On June 16, 2026, the Court denied the IFP application without prejudice because it was not submitted on a proper form and therefore did not contain sufficient information about Plaintiff's financial condition. (Doc. No. 6.)

On July 23, 2026, Plaintiff filed a new IFP application on the proper form. (Doc. No. 9.) She also filed an Amended Complaint (Doc. No. 8) and a notice of change of address. (Doc. No. 10.)

## I. APPLICATION TO PROCEED IFP

Plaintiff's IFP application lists reasonable monthly expenses (which were expected to increase with the start of the fall semester of school) that approximate her current gross monthly

---

[1] Turo, Inc. is "an online platform that operates a peer-to-peer marketplace connecting [hosts] with [guests] seeking [rental] cars on a short-term basis." *Becky's Broncos, LLC v. Town of Nantucket*, No. 1:24-CV-11308-AK, 2024 WL 3402769, at *2 (D. Mass. July 12, 2024), *aff'd*, 138 F.4th 73 (1st Cir. 2025) (quoting *Massachusetts Port Auth. v. Turo Inc.*, 487 Mass. 235, 237 (2021)). The Court assumes herein that Turo, Inc. is the "Turo" named by Plaintiff as the (sole) defendant in this action.

income. It also reflects a dearth of assets. The IFP application therefore suggests that she cannot pay the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also*, *e.g.*, *Shannon v. Omni Logistics LLC*, No. EP-23-CV-384-KC, 2023 WL 8113826, at *1 (W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but should be based on consideration of "whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life") (citation omitted). Accordingly, the IFP application (Doc. No. 9) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). This initial screening includes a review for subject-matter jurisdiction, *see*, *e.g.*, *Williams v. Excel Dev. Co.*, No. 1:24-CV-625, 2025 WL 218683, at *2 (S.D. Ohio Jan. 16, 2025), of which the Court must be assured "at the earliest possible moment to avoid wasting judicial and party resources." *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022).

The Amended Complaint alleges that Plaintiff rented a 2015 Honda Civic from Turo on February 5, 2026, and that, on February 8, 2026, the vehicle malfunctioned and stranded Plaintiff on the side of the road. (Doc. No. 8 at 2.) Plaintiff remained stranded in winter weather for 12 hours, some portion of which she spent "outside after the rental was picked up on or about the

1600th hour" (*id.*), which the Court takes to mean 4:00 p.m. Plaintiff attempted to resolve the matter with Turo on the phone, but "was redirected multiple times …, experienced call drops, and numerous counts of false information from [Turo] regarding accommodations of a new rental." (*Id.*) She was promised a full refund but did not receive it, and she missed work while waiting to be placed in a new rental vehicle. (*Id.*) Turo finally "had Plaintiff rent another vehicle for a different trip summary in order to get a replacement," and Plaintiff "got to the new rental on or about the 2300th hour," or 11:00 p.m., on February 8, 2026. (*Id.*)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Under 28 U.S.C. §§ 1331 and 1332, federal subject-matter jurisdiction is restricted to (1) cases that present a question of federal law, and (2) cases between parties of diverse citizenship in which more than $75,000 is at stake. *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). In the case at bar, the Amended Complaint invokes the Court's federal question jurisdiction under Section 1331, citing the "FAST Act." (Doc. No. 8 at 1.) It asserts two claims for relief: a claim for negligence under state law ("Count I") and a claim under the Federal Trade Commission Act, 15 U.S.C. § 45 ("Count II"). (*Id.* at 2–3.)

The Fixing America's Surface Transportation ("FAST") Act of 2015, which incorporated the "Raechel and Jacqueline Houck Safe Rental Car Act of 2015," Pub. L. 114-94, § 24109, Dec. 4, 2015, 129 Stat. 1312, is a now-expired funding provision that allocated funds for, among other things, highway safety during fiscal years 2016–2020. The FAST Act also "provide[d] authority [for] the [Federal Highway] Administration to prohibit rental car companies from knowingly renting vehicles that are subject to safety recalls," https://www.transportation.gov/fastact (last

visited Oct. 28, 2026), and certain of its provisions were codified within the Federal Motor Vehicle Safety Act (FMVSA), 49 U.S.C. § 30101 *et seq.*, though the provision of that statute entitled "Rented or leased motor vehicle safety and responsibility," *id.* § 30106, did not in effect, nor was it "intended to[,] supplant state law with a federal cause of action." *Schmidt v. St. Clair*, No. 5:07-CV-271-OC-10GRJ, 2007 WL 4463933, at *4 (M.D. Fla. Dec. 17, 2007).

To the extent that these federal statutes are or would have been applicable in the context of Turo's facilitation of peer-to-peer car rental, they would not establish federal subject-matter jurisdiction over Plaintiff's action for damages and "an update to [Turo's] policy practices and procedures" (Doc. No. 8 at 3), as they do not provide a private right of action. *See*, *e.g.*, *Mulholland v. Subaru of Am., Inc.*, 620 F. Supp. 2d 1261, 1264 (D. Colo. 2009) (finding that the FMVSA "cannot provide a basis for federal question jurisdiction because it does not include a private right of action"); *cf. Leon v. FedEx Ground Package Sys., Inc.*, No. CV 13-1005 JB/SCY, 2016 WL 836980, at *11–14 (D.N.M. Feb. 16, 2016) (finding no private federal right of action available under an analogous statute, the Motor Carrier Act, 49 U.S.C. § 14704(a)(2), for personal injury or wrongful death claims that traditionally sound in the state law of negligence). Nor does the Amended Complaint cite any other authority for the exercise of federal question jurisdiction in this case. Although it includes a claim for relief under the Federal Trade Commission Act (FTCA), 15 U.S.C. § 45, presumably to establish Turo's liability for "unfair or deceptive acts or practices in or affecting commerce," *id.* § 45(a)(1), "there is no private right of action under the FTC[A]." *Bibbs v. JPay*, LLC, No. 2:23-CV-2792, 2023 WL 7627071, at *4 (S.D. Ohio Nov. 15, 2023), *report and recommendation adopted*, 2024 WL 514480 (S.D. Ohio Feb. 9, 2024) (quoting *Drake v. Sometime Spouse, LLC*, 784 F. App'x 602, 605 (10th Cir. Aug. 22, 2019). Plaintiff therefore "may not, as a private party, invoke the jurisdiction of the federal courts to enforce the Federal

Trade Commission Act," as "Congress has clearly limited the invocation of jurisdiction under [that] Act to the Commission itself." *Fed. Trade Comm'n v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458, 464 (6th Cir. 1988) (citing cases); *see also Morales v. Walker Motor Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio Sept. 22, 2022) (collecting cases that find no private right of action under 15 U.S.C. § 45).

For these reasons, federal question jurisdiction under 28 U.S.C. § 1331 is not properly pled in this case. And the Amended Complaint does not plead diversity jurisdiction under 28 U.S.C. § 1332. Even if it did, and even if Plaintiff could establish diversity of citizenship between Plaintiff and Turo (a company that allegedly has "multiple headquarters in the United States" (Doc. No. 8 at 1)),[2] the Amended Complaint's allegations fail to support a determination that more than $75,000 is in controversy here.

Damages are requested in the Amended Complaint, but not in any specific amount. The unspecified award Plaintiff seeks is attributable to "loss of wages, emotional distress, physical distress, and damage to [her] business reputation," all of which were allegedly suffered when she missed work and was "stranded for more than 6 hours" in winter weather (between the defective rental car being picked up "on or about the 1600th hour" and the new rental being available "on or about the 2300th hour") on February 8, 2026. (*Id.* at 3.) She does not allege any resulting physical injury, nor does she sufficiently allege economic injury which could reasonably reach the jurisdictional threshold. Where a pro se pleading cannot, "even liberally construed, … be read to plead an amount in controversy greater than $75,000," diversity jurisdiction is defeated. *Rajapakse v. Credit Acceptance Corp.*, No. 19-1192, 2021 WL 3059755, at *4 (6th Cir. Mar. 5, 2021).

---

[2] Under Section 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff's "multiple headquarters" allegation fails to establish Turo's citizenship under Section 1332(c)(1).

## III. CONCLUSION

In sum, initial review of the Amended Complaint reveals that the Court lacks subject-matter jurisdiction over this case. Accordingly, the action is **DISMISSED** without prejudice. *See Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 576-77 (6th Cir. 2010) ("Dismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice." (quoting *Mitan v. Int'l Fid. Ins. Co.,* 23 Fed. Appx. 292, 298 (6th Cir.2001)). In particular, the dismissal is without prejudice to Plaintiff's ability to pursue her negligence claim against Turo in state court.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment under Fed. R. Civ. P. 58(b)(1) and close the file.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE